IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN PLESIA<br>176 Oregon Ave,<br>Louisville, Ohio 44641 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| STERLING JEWELERS, INC.<br>395 Ghent Road<br>Fairlawn, Ohio 44333 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>DIMCHE KOSTREVSKI<br>Statutory Agent<br>38 South Hamilton Road<br>Columbus, Ohio 43213 | )<br>)<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| ERIC VESSEY<br>c/o STERLING JEWELERS, INC.<br>395 Ghent Road<br>Fairlawn, Ohio 44333 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| JOHN HALE<br>c/o STERLING JEWELERS, INC.<br>395 Ghent Road<br>Fairlawn, Ohio 44333 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Ryan Plesia, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

### PARTIES AND VENUE

1. Plesia is a resident of the city of Louisville, county of Stark, state of Ohio.

2. Vessey is a resident of the state of Ohio.



3. Hale is a resident of the state of Ohio.

4. Sterling Jewelers, Inc. ("Sterling") is a domestic corporation with its principal place of business located at 395 Ghent Road, Fairlawn, Ohio 44333.

5. At all times herein, Vessey was acting in the course and scope of his employment.

6. At all times relevant herein, Vessey supervised and/or controlled Plesia's employment with Sterling, acted directly or indirectly in the interest of Sterling in relation to its employees, and was an "employer" within the meaning of Ohio R.C. §4112.02, 29 U.S.C. § 2611(4)(A)(i)-(iii) of the Family Medical Leave Act, ("FMLA"), 29 U.S.C. § 2617, *et seq,* Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.*,* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.

7. At all times herein, Hale was acting in the course and scope of his employment.

8. At all times relevant herein, Hale supervised and/or controlled Plesia's employment with Sterling, acted directly or indirectly in the interest of Sterling in relation to its employees, and was an "employer" within the meaning of Ohio R.C. §4112.02, 29 U.S.C. § 2611(4)(A)(i)-(iii) of the Family Medical Leave Act, ("FMLA"), 29 U.S.C. § 2617, *et seq,* Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.*,* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plesia is alleging Federal Law Claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq. and the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*



10. This Court has supplemental jurisdiction over Plesia's state law claims pursuant to 28 U.S.C. § 1367 as Plesia's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which Sterling operates their business and where the material facts in this matter took place.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

13. Within 300 days of the conduct alleged below, Plesia filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2016-01002 against Sterling Jewelers Inc. operating at 395 Ghent Road, Fairlawn, Ohio 44333.

14. On May 31, 2016, the EEOC issued and mailed a Notice of Right to Sue letter to Plesia regarding the Charges of Discrimination brought by Plesia against Sterling EEOC Charge No. 532-2016-01002.

15. A true and accurate copy of Plesia's Right to Sue letter is attached hereto as Exhibit "A."

16. Plesia received his Right to Sue Notice via postal mail on or about June 3, 2016.

17. Because this complaint is being brought within 90 days of Plesia's receipt of his Right to Sue Notice, Plesia's complaint is timely and proper pursuant to 42 U.S.C. § 2000e–5(f)(1).

18. Plesia has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

19. Plesia is a former employee of Sterling.

20. On or about February 3, 2014, Sterling hired Plesia as a Collections Representative.

21. Plesia is a homosexual male who associates romantically with other males.



22. Both Vessey and Hale knew that Plesia associated with romantically with other males.

23. Plesia was treated differently by Vessey because of his romantic association with other males.

24. Plesia was treated differently by Hale because of his romantic association with other males.

25. Vessey would target Plesia for ridicule because of his romantic association with other males.

26. Hale would target Plesia for ridicule because of his romantic association with other males.

27. In or around April 2015, Plesia reported the gender discrimination he experienced to Sterling ("Discrimination Complaints").

28. Sterling failed to take any action in response to the Discrimination Complaints.

29. Based on Sterling policies, Plesia's Discrimination Complaints were considered to be significant workplace incidents.

30. Defendants have a policy and practice of fully investigating significant workplace incidents.

31. Defendants have a policy and practice of getting written statements from all participants to significant workplace incidents.

32. Defendants have a policy and practice of getting written statements from all witnesses to significant workplace incidents.

33. Defendants violated their policy and practice of fully investigating significant workplace incidents regarding Plesia's Discrimination Complaints.

34. Defendants violated their policy and practice of getting written statements from all participants to significant workplace incidents regarding Plesia's Discrimination Complaints.

35. Defendants violated their policy and practice of getting written statements from all witnesses to significant workplace incidents regarding Plesia's Discrimination Complaints.



36. Defendants' failure to follow their policy and practice of fully investigating significant workplace incidents was an adverse action against Plesia.

37. Defendants' failure to follow their policy and practice of getting written statements from all participants to significant workplace incidents was an adverse action against Plesia.

38. Defendants' failure to follow their policy and practice of getting written statements from all witnesses to significant workplace incidents was an adverse action against Plesia.

39. Vessey and Hale were not given a verbal warning as a result of their discriminatory conduct towards Plesia.

40. Vessey and Hale were not given a written warning as a result of their discriminatory conduct towards Plesia.

41. Vessey and Hale's employment at Sterling was not suspended as a result of their discriminatory conduct towards Plesia.

42. Vessey and Hale's employment at Sterling was not terminated as a result of their discriminatory conduct towards Plesia.

43. On or about April 20, 2015 and again in or around May 2015, Sterling disciplined Plesia for attendance in retaliation for filing a gender discrimination complaint ("Discriminatory Discipline").

44. Plesia is HIV positive.

45. As a result of suffering from HIV, Plesia is and was considered disabled within the meaning of Ohio R.C. § 4112.01(A)(13) and ADA, 42 U.S.C. § 12101 et seq.

46. In the alternative, Defendants perceived Plesia as being disabled.

47. In the alternative, the Defendants perceived that Plesia's medical condition constituted a physical impairment.



The Employee's Attorney.™

48. In the alternative, Defendants perceived Plesia's disability to substantially impair one or more of his major life activities, including his immune system.

49. Despite this actual or perceived disabling condition, Plesia was still able to perform the essential functions of his job.

50. Between January 2015 and June 2015, Plesia began experiencing a sudden increase in a variety of illnesses and symptoms ("Unknown Illness").

51. Plesia had to visit his doctor frequently for the Unknown Illness.

52. Plesia had to miss work occasionally because of the Unknown Illness.

53. Every time Plesia missed work he brought in a doctor's note and made up the time that he missed due to the Unknown Illness.

54. On or about June 16, 2015, Plesia was diagnosed with HIV.

55. HIV was the Unknown Illness causing Plesia's health problems.

56. On or about June 18, 2015, Plesia informed Sterling of his HIV diagnosis.

57. After being diagnosed with HIV, Plesia requested FMLA leave from June 2015 until September 9, 2015 to address his serious medical condition.

58. Sterling approved Plesia's request for FMLA through September 9, 2015.

59. On or about July 20, 2015, Sterling informed Plesia that his FMLA paper work was deficient.

60. Sterling informed Plesia that they intended to terminate him because of the deficient paperwork.

61. Plesia attempted to correct his FMLA paperwork however Sterling did not give him time to complete the paperwork.

62. Sterling Terminated Plesia on July 21, 2015, giving him just a few hours to complete the deficient paperwork.



63. Defendants' purported reason for Plesia's termination is pretext for FMLA retaliation.

64. Defendants' purported reason for Plesia's termination is pretext for gender discrimination.

65. Defendants' purported reason for Plesia's termination is pretext for disability discrimination.

66. Defendants' purported reason for Plesia's termination is pretext for retaliation for opposing gender discrimination.

67. Defendants' did not proffer a legitimate non-discriminatory reason for terminating Plesia.

68. As a result of being constantly harassed and insulted on the basis of gender and disability during his employment at Sterling, and being wrongfully terminated from Sterling, Plesia has suffered severe emotional distress, anxiety, and depression.

69. Upon information and belief, subsequent to Plesia's termination, Defendants hired an able bodied heterosexual person to replace Plesia.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
### (Against Sterling)

70. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

72. Sterling is a covered employer under the FMLA.

73. During his employment, Plesia qualified for FMLA leave.

74. Sterling unlawfully interfered with Plesia's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

75. Sterling violated section 825.300(c)(1) of the FMLA and interfered with Plesia 's FMLA rights when Sterling did not timely inform Plesia of defects in his FMLA paper work and give him a chance to correct said defects.



76. As a direct and proximate result of Sterling's conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

77. As a direct and proximate result of Sterling's conduct, Plesia is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

### COUNT II: RETALIATION IN VIOLATION OF THE FMLA
**(Against Sterling)**

78. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. During his employment, Plesia utilized FMLA leave.

80. After Plesia utilized his qualified FMLA leave, Defendants retaliated against him.

81. Defendants retaliated against Plesia by terminating his employment.

82. Defendants willfully retaliated against Plesi in violation of U.S.C. § 2615(a).

83. As a direct and proximate result of Defendants' wrongful conduct, Plesia is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT III: DISABILITY DISCRIMINATION UNDER 42 U.S.C §12101 *et seq.*
**(Against Sterling)**

84. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Sterling perceived Plesia's condition to substantially impair one or more of his major life activities including working.

86. Sterling treated Plesia differently than other similarly-situated employees based on his disabling condition.



87. Sterling treated Plesia differently than other similarly-situated employees based on his perceived disabling condition.

88. Sterling violated 42 U.S.C §1210 *et. seq.* by discriminating against Plesia based on his actual or perceived disabling condition.

89. As a direct and proximate result of Sterling's conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IV: WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 12101 *et.seq.*
**(Against Sterling)**

90. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. On or about on July 21, 2015, Sterling terminated Plesia's employment without just cause.

92. Sterling terminated Plesia's employment based his disability.

93. Sterling terminated Plesia's employment based his perceived disability.

94. Sterling violated 42 U.S.C §12101 *et seq.* when they discharged Plesia based on his actual or perceived disability.

95. As a direct and proximate result of Sterling conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT V: DISABILITY DISCRIMINATION UNDER OHIO REVISED CODE § 4112.01

96. Defendants treated Plesia differently than other similarly-situated employees based on his disabling condition.

97. Defendants treated Plesia differently than other similarly-situated employees based on his perceived disabling condition.



98. Sterling violated Ohio Revised Code §4112.01 *et.seq.* by discriminating against Plesia based on his disabling condition.

99. Hale violated Ohio Revised Code §4112.01 *et.seq* by discriminating against Plesia based on his perceived disabling condition.

100. Vessey violated Ohio Revised Code §4112.01 *et.seq* by discriminating against Plesia based on his perceived disabling condition.

101. As a direct and proximate result of Defendants' conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION UNDER OHIO REVISED CODE § 4112.01

102. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. On or about July 21, 2015, Defendants terminated Plesia's employment without just cause.

104. Defendants terminated Plesia's employment based his disability.

105. Defendants terminated Plesia's employment based his perceived disability.

106. Defendants violated Ohio Revised Code §4112.01 *et.seq* when it discharged Plesia based on his perceived disability.

107. Defendants violated Ohio Revised Code §4112.01 *et.seq* when it discharged Plesia based on his disability.

108. As a direct and proximate result of Defendants' conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.



### COUNT VII: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E-2
### (Against Sterling)

109. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

110. As of July 21, 2015, Plesia was fully competent to perform his essential job duties.

111. Sterling treated Plesia differently than other similarly situated employees based on his gender.

112. Pursuant to Title VII 42 U.S.C. § 2000E-2, it is an unlawful discriminatory practice to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [an employee] with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" based on that employee's gender.

113. Sterling violated Title VII 42 U.S.C. § 2000E-2 by discriminating against Plesia due to his gender.

114. Sterling discriminated against Plesia due to his gender by terminating his employment.

115. As a direct and proximate result of Sterling's conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VIII: GENDER DISCRIMINATION BY ASSOCIATION IN VIOLATION OF 42 U.S.C. § 2000E-2
### (Against Sterling)

116. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

117. Defendants treated Plesia differently than other similarly situated employees because he romantically associates with other members of his gender, male.



118. Pursuant to Title VII 42 U.S.C. § 2000E-2, it is an unlawful discriminatory practice to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [an employee] with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" based on that employee's gender.

119. Sterling violated Title VII 42 U.S.C. § 2000E-2 by terminating Plesia because of his romantic association with other males.

120. As a direct and proximate result of Defendants' conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT IX: GENDER DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02, *ET SEQ***

121. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. As of July 21, 2015, Plesia was fully competent to perform his essential job duties.

123. Defendants treated Plesia differently than other similarly situated employees based on his gender.

124. Pursuant to Ohio Revised Code § 4112.02(A), it is an unlawful discriminatory practice to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [an employee] with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" based on that employee's gender.

125. Defendants discriminated against Plesia due to his gender by terminating his employment.

126. Defendants violated Ohio Revised Code § 4112.02(A) by discriminating against Plesia due to his gender.



127. As a direct and proximate result of Defendants' conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT X: GENDER DISCRIMINATION BY ASSOCIATION IN VIOLATION OF OHIO REVISED CODE § 4112.02, *ET SEQ*

128. Plesia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. Defendants treated Plesia differently than other similarly situated employees because he romantically associates with other members of his gender, male.

130. Pursuant to Ohio Revised Code § 4112.02(A), it is an unlawful discriminatory practice to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [an employee] with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" based on that employee's gender.

131. Defendants violated Ohio Revised Code § 4112.02(A) by terminating Plesia because of his romantic association with other males.

132. As a direct and proximate result of Defendants' conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT XI: RETALIATION IN VIOLATION OF 29 U.S.C. § 621, *ET SEQ.*
(Against Sterling)

133. Plesia restates each and every prior paragraph of this complaint, as if it were fully restated herein.

134. During his employment, Plesia complained to Sterling about gender discrimination.

135. Plesia's complaint of gender discrimination was protected activity within the meaning of 29 U.S.C. § 623(d).

136. After Plesia engaged in protected activity by reporting the acts of unlawful discrimination and Sterling retaliated against Plesia by terminating his employment in violation of 29 U.S.C. § 623(d).

137. As a direct and proximate result of Sterling's conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT XII: RETALIATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(I).**

138. Plesia restates each and every prior paragraph of this complaint, as if it were fully restated herein.

139. During his employment, Plesia complained to Sterling about gender discrimination.

140. Plesia's complaint of discrimination was protected activity within the meaning of Ohio Revised Code § 4112.02(I).

141. After Plesia engaged in protected activity by reporting the acts of unlawful discrimination and Defendants retaliated against Plesia by terminating his employment in violation of Ohio Revised Code § 4112.02(I) and Ohio Revised Code § 4112.99.

142. As a direct and proximate result of Defendants' conduct, Plesia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plesia demands from Defendants the following:

(a) Issue a permanent injunction:

   (i) Requiring Sterling to abolish discrimination, harassment, and retaliation;

   (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

The Employee's Attorney.™ 

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Sterling to restore Plesia to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Plesia for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Plesia claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.



Respectfully submitted,

*/s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: peter.mapley@spitzlawfirm.com

*Attorney For Plaintiff Ryan Plesia*

16



## JURY DEMAND

Plaintiff Ryan Plesia demands a trial by jury by the maximum number of jurors permitted.

                                              */s/ Peter C. Mapley*
                                              Peter C. Mapley (0092359)

